CYRILLA YAEGER v. DELANO GRANITE WORKS
AND ANOTHER.
DORYCE MATHISON v. JOHN A. KUETHER,
d.b.a. MILLE LACS TRANSPORT COMPANY, AND ANOTHER.
JANICE FLEISCHAUER AND ANOTHER v. MINNESOTA
VALLEY CANNING COMPANY AND ANOTHER.
STATE TREASURER, CUSTODIAN OF
SPECIAL COMPENSATION FUND.

84 N. W. (2d) 363.

July 26, 1957—Nos. 37,109, 37,067, 37,085.

*Reynolds & McLeod,* for relators in the Yaeger case.

*John H. Mordaunt* and *Mordaunt & Walstad,* for relators in the Mathison case.

*Shepley, Severson & Bey,* for relators in the Fleischauer case.

*H. Horace Burry,* for respondent Yaeger.

*John E. Mullen,* for respondent Mathison.

*Arthur E. Anderson,* for respondents Fleischauer.

*Miles Lord,* Attorney General, and *Robert Latz,* Special Assistant Attorney General, for state treasurer, custodian of the special compensation fund.

MURPHY, JUSTICE.

Certiorari to review orders of the Industrial Commission in three cases, all of which raise the same issue concerning the effect of the enactment of L. 1951, c. 457, § 6. They were presented and argued together and will be disposed of by this opinion.

In the first case, Bernard F. Yaeger, an employee of Delano Granite Works, became totally disabled by reason of silicosis on December 31, 1948, and died as a result of the disease on June 14, 1951. Compensation in the amount of $10,000 plus certain medical and funeral expenses were paid by the insurer, American Mutual Liability Insurance Company, to the dependents of the deceased employee. The employee's widow, Cyrilla Yaeger, brought this action on behalf of herself and her minor children to recover additional compensation from either the special compensation fund or the employer and insurer.

In the second case, Harry S. Mathison, an employee of John A. Kuether, doing business as Mille Lacs Transport Company, was injured on August 3, 1949, and died the following day. Compensation in the amount of $10,000 was paid to the deceased employee's dependents by the insurer, Great American Indemnity Company. Doryce Mathison, the employee's widow, brought this action on behalf of herself and her minor children to recover additional compensation from either the special compensation fund or the employer and insurer.

In the third case, Roy Fleischauer, an employee of the Minnesota Valley Canning Company, was injured and died on July 9, 1949. Compensation in the amount of $10,000 was paid to the dependents of the deceased employee by the insurer, Employers Mutual Liability Insurance Company. This action to recover additional compensation from either the special compensation fund or the employer and insurer was brought solely on behalf of the two minor children of the deceased employee, the widow, Allayne Fleischauer, having remarried in the meantime.

In all three of these cases the Industrial Commission awarded compensation to the dependents at the rate of $20 per week to continue during the dependency of the minor children, but not to exceed the total additional sum of $2,500, to be paid by the employers and their insurers.

The issue to be decided is whether these additional payments of compensation are to be made under the law which was in effect at the time that these employees died, M. S. A. 1945, § 176.13, as amended by L. 1949, c. 705, § 1(c), or under a subsequently enacted statute, M. S. A. 1949, § 176.12, subd. 20, as amended by L. 1951, c. 457, § 6.

Under the former statute the additional compensation would have been paid by the special compensation fund, whereas under the latter statute the additional compensation would have been paid by the employer and insurer.

■ We have held that the statute in effect at the time of the employee's death governs the rights of the parties involved. Skjefstad v. Red Wing Potteries, Inc. 240 Minn. 38, 60 N. W. (2d) 1; Warner v. Zaiser, 184 Minn. 598, 239 N. W. 761; Reichert v. Victory Granite Co. 249 Minn. 407, 82 N. W. (2d) 497. However, the statute in question here, L. 1951, c. 457, § 6, provides in part as follows:

"All widows with a dependent child or children, or with a child or children over 18 years of age physically or mentally incapacitated from earning, and all such children who are orphans, *who are now receiving,* or who may hereafter become entitled to receive, compensation under section 176.12 for the death of their husband or parent shall, after $10,000 has been paid and satisfactory proof thereof filed, receive additional compensation, not exceeding $2,500, in the same manner and with the same limitations as is prescribed by section 176.12, except that the maximum weekly compensation shall not exceed $20, until the youngest dependent child attains the age of 18 years or, if over 18 years of age, becomes physically and mentally able to earn, or the additional sum of $2,500 has been fully paid." (Italics supplied.)

The italicized clause in the statute, "who are now receiving," indicates clearly that the legislature intended that this statute would apply to dependents of employees who had died prior to the enactment of the statute because obviously the dependents could not be receiving, at the effective date of the statute, any compensation for the death of an employee unless the death had occurred prior to said effective date.

The circumstances in each of these cases come within the purview of the amended act. All of the dependents were receiving compensation for the death of their husband or parent on July 1, 1951, the effective date of L. 1951, c. 457. Thus, it would appear that the dependents are entitled to be paid the additional compensation up to the maximum amount of $2,500 by the employers and insurers unless the statute is unconstitutional.

In contending that the legislature may not constitutionally shift the liability of paying the additional compensation from the special compensation fund to the employer and insurer, the employer-insurer-relators assert that to hold L. 1951, c. 457, to be retroactive would impair constitutional and vested property rights so as to be unconstitutional and in violation of Minn. Const. art. 1, § 7, U. S. Const. art. I, § 10, and U. S. Const. Amend XIV. 3 Dunnell, Dig. (3 ed.) § 1651; Johnson v. Jefferson, 191 Minn. 631, 255 N. W. 87. The custodian of the special fund asserts that the act is not retroactive so as to be unconstitutional because it does not increase the total benefits which the dependents were entitled to receive under the provisions in effect at the date of the death of the employee, and that the law in question does not in any manner increase the liability or obligation of the relators since the benefits were to be paid from a fund which belonged to them and to the industry as a whole and which was not a public fund in the ordinary use of the term. In support of his contention he cites authorities which hold that acts which are procedural or remedial in nature may be constitutionally retroactive. It is true that a statute may be constitutionally retroactive where it relates to a remedial or procedural right but the statute in question as applied to the circumstances here relates to a substantive matter in that it imposes an entirely new liability. It seems to us that the fallacy of the custodian's argument is that it overlooks the fact that by L. 1951, c. 457, § 6, a liability is imposed upon the employer and insurer which did not exist at the time of the employee's death when the rights of the parties were determined.

At the time of the death of each of the deceased employees involved in these actions the employers and insurers had a vested right to a fixed liability under the 1949 laws. When a right has arisen upon a contract, or transaction in the nature of a contract, authorized by statute and liabilities under that right have been so far determined that nothing remains to be done by the party asserting it, it becomes vested and the repeal of the statute does not affect it or the action for its enforcement. 11 Am. Jur., Constitutional Law, § 370. The repeal of the 1949 law did not operate to impair rights that had vested while the statute was in force. It is recognized that vested rights include not only legal or equitable title to enforcement of a demand but include as well an exemption

from new obligations created after the right vested. Matter of Karnbach, 208 Misc. 693, 144 N. Y. S. (2d) 872; 82 C. J. S., Statutes, § 418; 50 Am. Jur., Statutes, § 476; 11 Am. Jur., Constitutional Law, §§ 369, 370, 371, 375; Massa v. Nastri, 125 Conn. 144, 3 A. (2d) 839, 120 A. L. R. 939, with Annotation at 943.

■ Where, as here, the liability of the employers and insurers has been fixed under L. 1949, c. 705 (§ 176.13 [c]), their vested right in such determined liability may not be destroyed by legislation which imposes a new obligation or an additional liability. McCord v. Smith (Fla.) 43 So. (2d) 704. In these cases the statute imposed a new obligation on the employer and insurer in that they were made liable for the payment of an additional $2,500 compensation. Since a workmen's compensation act is contractual in nature, any statute which purports to alter a substantial term of the contract which was in effect at the time the controlling event occurred (the death of the employee in these cases) impairs the obligation of such contract and is therefore unconstitutional. Warner v. Zaiser, 184 Minn. 598, 239 N. W. 761; State ex rel. Conley v. Pennybacker, 131 W. Va. 442, 48 S. E. (2d) 9; See, 12 Am. Jur., Constitutional Law, § 389.[1] We therefore hold that L. 1951, c. 457, § 6, is unconstitutional and of no effect insofar as it purports to apply to dependents or employees who died before the effective date of the statute, July 1, 1951.

We are of the opinion that the rights of the dependents to benefits of the special compensation fund were not destroyed by the enactment of L. 1951, c. 457, § 6. Since M. S. A. 1945, § 176.13(c), provides that the benefits in question are to be paid out of the special additional compensation fund, the right to receive such benefits is not impaired by the enactment of L. 1951, c. 457, § 6, which we hold is constitutionally invalid as applied to the questions here. M. S. A. 645.35; State v. Chicago G. W. Ry. Co. 222 Minn. 504, 25 N. W. (2d) 294. The decisions of the Industrial Commission are reversed and the commission is directed to enter its order granting compensation in each of the cases from the special compensation fund in conformity with the statute in

---

[1]As is stated in 58 Am. Jur., Workmen's Compensation, § 73: "Benefits and liabilities arising by reason of the death of an employee cannot be changed by subsequent legislation."

effect at the time of the death of the employees. L. 1949, c. 705. Reversed.