Tor L. SOLBERG, Respondent,

v.

FMC CORPORATION, NORTHERN ORDINANCE DIVISION, et al., Relators.

No. 82–621.

Supreme Court of Minnesota.

Oct. 29, 1982.

Rehearing Denied Dec. 14, 1982.

Jardine, Logan & O'Brien and Eugene J. Flick, St. Paul, for relators.

Theodore K. Abe and Gerald C. Magee, Minneapolis, for respondent.

KELLEY, Justice.

Relators, FMC Corporation and its compensation insurer, challenge a decision of the Workers' Compensation Court of Appeals awarding FMC's employee Tor Solberg concurrent temporary total disability and retraining benefits pursuant to Minn. Stat. § 176.101, subd. 7 (1978). Having concluded that Minn.Stat. § 176.102, subd. 11 (1980) governs the amount of compensation payable to employee during retraining, we reverse the decision insofar as it awarded compensation.

Employee, a grinder, sustained a seriously disabling back injury in the course of his employment on February 28, 1979. On February 11, 1981, he was certified by the Division of Vocational Rehabilitation

for an 89-week course in data processing, and he then petitioned for an order allowing retraining benefits pursuant to Minn. Stat. § 176.101, subd. 7 (1978). In response relators denied that the requested retraining would significantly reduce any claimed unemployability. They also contended that Minn.Stat. § 176.102 (1980) governed employee's claim and thus deprived the compensation judge of jurisdiction because this statute places administration of rehabilitation services under the commissioner of labor and industry. Alternatively, they contended that section 176.102, subd. 11, limited the compensation to which employee was entitled during retraining. The compensation judge determined that Minn.Stat. § 176.101, subd. 7 (1978) was the only applicable statute and, after finding that the proposed course would significantly reduce unemployability resulting from the work-related disability, awarded employee concurrent temporary total disability and retraining benefits, an award permitted by that statute. *Nelson v. National Biscuit Company,* 300 Minn. 46, 217 N.W.2d 734 (1974). On relators' appeal the Court of Appeals affirmed, holding that the effective date of Minn.Stat. § 176.102 (1980) was October 1, 1979, and that employee was entitled to the benefits permitted under Minn. Stat. § 176.101, subd. 7 (1978) because that statute had been in effect on the date of his injury and therefore controlled the benefits to which he was entitled.

We agree that the effective date of Minn. Stat. § 176.102 (1980) was October 1, 1979, since this statute clearly contains benefit changes and the act of which it was a part did not provide a specific effective date for section 176.102. Consequently, that date was supplied by Minn.Stat. § 176.1321 (1980), which provides:

Unless otherwise specified in the act making the change, any workers' compensation benefit change shall be effective on the October 1 next following its final enactment.

We agree also that, with one exception, the legislature evinced no intent that Minn. Stat. § 176.102 (1980) should apply to retraining for employees injured prior to its effective date. That exception, however, is set forth in section 176.102, subd. 11, which provides that employees are entitled during formal retraining to receive up to 156 weeks of compensation "in an amount equal to 125 percent of the employee's rate for temporary total disability."[1] Subdivision 11, as originally enacted, concluded:

Subdivision 11 shall not apply to retraining benefits for which liability has been established prior to the effective date of this subdivision."

Act of June 7, 1979, Ex.Sess. ch. 3, § 36, subd. 11, 1979 Minn.Laws 1281. As stated, the "effective date of this subdivision" is October 1, 1979.[2] The plain meaning of the language used by the legislature in section 176.102, subd. 11—that the subdivision "shall not apply to retraining benefits for which liability has been established prior to the effective date of this subdivision"—is that the provision does apply to retraining benefits for which liability has not been established prior to its effective date, regardless of when the employee's underlying injury occurred. As we pointed out in *Rippentrop v. Imperial Chemical Co.,* 316 N.W.2d 514, 516 (Minn.1982), the concurrent award of temporary total disability and retraining benefits permitted by Minn. Stat. § 176.101, subd. 7 (1978) was widely criticized. It is clear from the quoted language in Minn.Stat. § 176.102, subd. 11 (1980) that the legislature has determined such concurrent benefits will be permitted

1. We pointed out in *Rippentrop v. Imperial Chemical Co.,* 316 N.W.2d 514, 516 (Minn.1982) that Minn.Stat. § 176.102 is not a model of clarity, in that case construing subdivision 11 as not providing the 125 percent compensation rate to an employee undergoing on the job training.

2. As it appears in the official edition of the statutes, the quoted sentence reads:

This subdivision shall not apply to retraining benefits for which liability has been established prior to July 1, 1979.

Minn.Stat. § 176.102(11) (1980). That date was supplied by the revisor of statutes pursuant to Minn.Stat. § 648.34, subd. 1 (1980), but in light of section 176.1321 is not correct.

only if the employer's liability for retraining benefits had been established prior to October 1, 1979, and we see no reason why the legislature could not so provide since an employee does not acquire a vested right to retraining by virtue of sustaining a compensable injury; instead, an employer's obligation to furnish retraining benefits must be preceded under Minn.Stat. § 176.101, subd. 7 (1978) by an order of the commissioner of labor and industry, a compensation judge, or the Court of Appeals in cases upon appeal. Thus, relators' liability for retraining benefits not having been established prior to October 1, 1979, Minn.Stat. § 176.102, subd. 11 (1980) requires that employee be awarded weekly retraining benefits during his certified course equal to 125 percent of his rate for temporary total disability. The award of concurrent benefits is therefore reversed.

■ Relators' other claim, that the finding that the certified retraining course will significantly reduce unemployability caused by employee's work-related injury lacks substantial evidentiary support, requires little discussion. The evidence relating to his disability and physical restrictions, his inability to return to his former work, his lack of transferable skills, the probability that he will be able successfully to complete the certified course and the likelihood that he will be able to obtain employment and eventually attain a supervisory position in the computer field furnish substantial support for the challenged finding.

The decision under review is reversed as to the amount of compensation awarded, otherwise affirmed, and remanded for recomputation of the award pursuant to section 176.102, subd. 11.

Employee is awarded attorney's fees of $400.

Reversed in part, affirmed in part and remanded.

SCOTT, Justice (dissenting).

The Workers' Compensation Court of Appeals concluded that:

It is axiomatic in workers' compensation law that the date of the injury controls the benefits that the employee is entitled to. We are of the opinion that the effective date of Minn.St. 176.102, Subd. 11, is October 1, 1979. As the accident in question took place in February of 1979, the new law would not apply.

With this we have always agreed. To adopt a contrary ruling at this time throws all future amendment applications into utter confusion.

This court has uniformly held since at least 1916 that the substantive rights and liabilities of the parties under Minnesota's workers' compensation laws are fixed by the law in force at the time the compensable injury or death occurs. *Lakics v. Lane Bryant Dept. Store,* 263 N.W.2d 608 (Minn. 1978); *Kress v. Minneapolis Moline Co.,* 258 Minn. 1, 102 N.W.2d 497 (1960); *Yaeger v. Delano Granite Works,* 250 Minn. 303, 84 N.W.2d 363 (1957); *Warner v. Zaiser,* 184 Minn. 598, 239 N.W. 761 (1931); *State ex rel. Anderson v. General Accident Fire & Life Assurance Corp. Ltd.,* 134 Minn. 21, 158 N.W. 715 (1916).

In the instant case respondent employee would have had the right to apply for retraining benefits under Minn.Stat. § 176.101, subd. 7 (1978), the statute in effect at the time of his injury. Minn.Stat. § 176.151 (1978) allowed an injured employee three years from the time his employer made a written report of his injury to the commissioner of the Department of Labor and Industry to initiate an action to determine or recover compensation. Under well-settled Minnesota law, respondent expected that these statutes in effect at the time of his injury would control his rights to compensation. The decision of the majority in this case destroys these rights of respondent. This is an unfair and perhaps unconstitutional result.

In *Yaeger v. Delano Granite Works, supra,* the court, commenting on the reason for the long-standing rule that the law in effect at the time of injury fixes an employee's right to compensation, stated that:

Since a workmen's compensation act is contractual in nature, any statute which purports to alter a substantial term of the contract which was in effect at the time the controlling event occurred * * *

impairs the obligation of such contract and is therefore unconstitutional.

84 N.W.2d at 366.

The rule that the statute in effect at the time of the compensable injury governs the rights of the parties involved has the advantage of certainty for employees, employers and insurers. In this case, the insurance premiums paid by the employer to the insurer were based upon the law that existed at the time of the injury. The expectations of the various parties when they entered into contractual agreements for insurance protection were based upon the law that existed at the time of the injury.

The law in effect at the time of the injury has been applied to the right to retraining in the past. The legislature was well aware of this fact and thus could have clearly and expressly provided that the 125% limitation was to apply to *all* retraining benefits for which liability had not been established prior to the effective date of the subdivision. The legislature did not do so, and it is not for this court to apply the statute retroactively absent a clear and manifest intention by the legislature to do so. Minn.Stat. § 645.21 (1980).

I would affirm.

TODD, Justice.

I join in the dissent of Justice Scott.