Patricia Ann (Kelly) LEAHY, Respondent (C7–83–429), Relator (C7–83–432),

v.

ST. MARY'S HOSPITAL and Fidelity and Casualty Company of New York, Relators (C7–83–429), Respondents (C7–83–432).

Nos. C7–83–429, C7–83–432.

Supreme Court of Minnesota.

Oct. 28, 1983.

James T. Hynes, St. Paul, for Patricia Ann Leahy.

Jon L. Levy, Sally J. Ferguson, Minnetonka, for St. Mary's Hosp. and Fidelity and Cas.

SIMONETT, Justice.

This appeal raises questions as to whether a workers' compensation claim for retraining benefits is governed by the law in effect at the time of the work-related injury or by the law as subsequently changed. Both the employee and the employer-insurer seek review here of the decision of the Workers' Compensation Court of Appeals. We affirm in part, reverse in part, and remand for recomputation of the retraining benefits.

Patricia Ann Leahy, the employee-respondent, injured her back in 1956 while working as a nurse's aid for relator St. Mary's Hospital in Rochester, Minnesota. St. Mary's is insured by co-relator, Fidelity and Casualty Company of New York. Twenty-five years later, in July 1981, after having had further surgery on her back, Mrs. Leahy sought and obtained certification by the Division of Vocational Rehabilitation (DVR) for retraining as a chemical dependency counselor. The Court of Appeals, disagreeing with the compensation judge, held that the employee was entitled to 52 weeks of retraining benefits; that the rehabilitation law in effect in 1956 governed, except that the amount of the benefits was to be determined ·by the law as changed in 1979; and that, because Mrs. Leahy had been paid temporary total disability benefits she was entitled to 25% of such benefits for retraining during the 52-week period.

1. The threshold claim urged by the employer-insurer is that all provisions of the new law, Minn.Stat. § 176.102 (1982), enacted by the 1979 legislature, must be applied retroactively to the 1956 injury in determining retraining entitlement. We disagree.

Mrs. Leahy obtained retraining certification under the law prior to 1979 and which was in effect at the time of her 1956 injury. See Minn.Stat. § 176.101, subd. 3(45) (1957). This differs from the .1979 rehabilitation provisions. The 1979 provisions, among other things, require different claim procedures. Thus, for example, instead of a hearing on a contested petition for retraining benefits (as was done here), the new procedure provides for rehabilitation consultation, for supervision of a rehabilitation plan by the commissioner, and for an appellate review panel. See Minn.Stat. § 176.-102, subds. 2, 4, 6 (1982). The employer-insurer argue that the legislature must have intended this new, comprehensive statutory program to apply to all retraining claims whether the injury occurs before or after October 1, 1979.

Our case law holds, however, that the workers' compensation law in effect on the date of injury governs, absent a clear manifestation of a contrary legislative intent. See, e.g., Yaeger v. Delano Granite Works, 250 Minn. 303, 306, 84 N.W.2d 363, 365 (1957). This rule applies here. Nor do we think Solberg v. FMC Corp., 325 N.W.2d 807 (Minn.1982), suggests otherwise. In Solberg we applied a provision of the new law, section 176.102, subd. 11 (1980), retroactively to an injury occurring prior to passage of that law, but we did so because subdivision 11 expressly states that this particular subdivision "shall not apply to retraining benefits for which liability has been established prior to the effective date of this subdivision." We said this language meant that subdivision 11 was to apply, then, to retraining benefits for which liability had *not* been established prior to the new law, regardless of when the injury occurred, and we also went on to say that, "[W]ith [this] one exception, the legislature evinced no intent that Minn.Stat. § 176.102 (1980) should apply to retraining for employees injured prior to its effective date." 325 N.W.2d at 808.

The employer-insurer cite a newly added amendment to section 176.102:

Subd. 11a. *Applicability of section.* This section is applicable to all employees injured prior to or on and after October 1, 1979, except for those provisions which affect an employee's monetary benefits. Act of June 7, 1983, ch. 290, § 82, 1983 Minn.Sess.Law Serv. 1470, 1512–13 (West). This new amendment, argue the employer-insurer, evinces a clear legislative intent that section 176.102 in its entirety does apply retroactively to all retraining clauses for which liability had not been established by October 1, 1979. We think not. We conclude that the amendment is intended to change the law as of its effective date, July 1, 1983, rather than to explain the prior legislative intent of the 1979 law. Consequently, the 1983 amendment has no bearing on whether section 176.102 (1980) was intended, when enacted, to have retroactive effect.

2. If the old law applies, as we hold it does, then the employer-insurer argue that the employee does not meet the test of the old law. Under section 176.101, subd. 3(45), the commission must find "that the retraining is necessary." Here, since Mrs. Leahy already has an earning capacity to make wages in excess of what she was earning in 1956, the employer-insurer argue that retraining now, 25 years after the work-related injury, is not "necessary." We disagree. The term "necessary," as used in the retraining statute, does not mean indispensable; retraining is "necessary" if it appears that it will be likely to restore impaired capacity to earn a livelihood; and earning capacity may be impaired if the employee's injury prevents him or her from returning to the former employment or from securing advancement in that employment. *See Norby v. Arctic Enterprises, Inc.,* 305 Minn. 519, 232 N.W.2d 773 (1975); *Tibbitts v. E.G. Staude Manufacturing Co.,* 166 Minn. 139, 207 N.W. 202 (1926).

Here Mrs. Leahy had a herniated disc in 1956, requiring a laminectomy. She had intermittent back pain thereafter, for which a spinal fusion was performed in June 1980, resulting in a 25% permanent partial disability of the back. She was not able to return to work as a nurse's aid after 1956 but performed lighter tasks in hospital laboratories. After 1964, she retired from the labor market for 14 years to raise a family. Beginning in 1978 she worked as an assistant to a school nurse for 2 years. After recovering from the second back surgery, she did secretarial work for 20 hours a week. She was receiving the minimum wage when injured in 1956 and was still at minimum wage in 1981, an increase perhaps in actual dollars but hardly in real income. DVR testing indicated that training as a chemical dependency counselor was an appropriate and realistic vocational goal for Mrs. Leahy. We hold that there was a substantial basis for the determination that the employee was entitled to retraining under Minn.Stat. § 176.101, subd. 3(45) (1957).

3. The next issue is the duration of Mrs. Leahy's retraining benefits. The Court of Appeals, applying the old law, awarded compensation for 52 weeks. Subdivision 11 of the new law, section 176.102 (1982), expressly sets out both the amount of benefits and the duration of those benefits. In *Solberg* we held that subdivision 11 applied to the amount of the benefits. If it applies to the amount, it must also apply to the duration. Since subdivision 11 allows for up to 156 weeks of retraining benefits, we hold that where, as here, liability for the employee's retraining benefits had not been established prior to October 1, 1979, the employee is entitled under subdivision 11 to up to 156 weeks. We reverse the award for 52 weeks and remand for the Court of Appeals to determine the number of weeks required for Mrs. Leahy's certified course and to award retraining benefits for the duration of that course or 156 weeks, whichever is less.

4. This leaves the final issue, the amount of the retraining benefits. Citing *Solberg,* the Court of Appeals ruled that the employee was entitled to retraining benefits of 125% of her rate for temporary total disability. Because the employee had been awarded temporary total disability from June 4, 1980, when she had the spinal

fusion, to August 10, 1981, the Court of Appeals (with one dissent) held that Mrs. Leahy should receive "an additional 25% of the temporary total disability during the period of retraining for 52 weeks, pursuant to the statute effective in 1956." We conclude this calculation does not comply with section 176.102, subd. 11 (1980).

 Subdivision 11 says the employee shall be paid "in an amount equal to 125% of the employee's rate for temporary total disability." The subdivision prohibits concurrent awards for retraining and temporary total disability, *see Rippentrop v. Imperial Chemical Co.,* 316 N.W.2d 514 (Minn. 1982), but it sets forth only one retraining benefit to which any employee is entitled during retraining. The subdivision goes on to say this payment "is in lieu of payment for temporary total, temporary partial, or permanent total disability to which the employee *might otherwise be entitled for this period under this chapter*" (emphasis added); but this does not mean that an employee who has received temporary total disability payments in the past receives only 25% of such past payments during subsequent retraining. In other words, the employee is entitled to retraining compensation for 125% of the amount she received for temporary total disability during her retraining course except for those few weeks in which she may have attended the course while receiving temporary total disability compensation; for those overlapping weeks she is entitled only to an additional 25% of the compensation she was then receiving.

We direct the Court of Appeals to determine the number of weeks that the employee received temporary total disability while attending her certified course, award her compensation for that period equal to 25% of the amount she received, and award her compensation for the rest of the time in which she is entitled to retraining benefits at the rate of 125% of her temporary total disability rate. This rate includes the supplementary benefits provided by Minn.Stat. § 176.132 (1982) because section 176.102, subd. 11, expressly directs that the 125% retraining benefit "shall be considered to be

the equivalent of temporary total disability for the purposes of section 176.132."

Employee is awarded attorney fees of $400.

Affirmed in part, reversed in part, and remanded.