John R. BROOS, Relator (C6–85–1186),
Respondent (C7–85–1200),

v.

PORTEC, INC., self-insured,
Respondent (C6–85–1186),
Relator (C7–85–1200).

Nos. C6–1186, C7–85–1200.

Supreme Court of Minnesota.

Nov. 22, 1985.

Deborah N. Dewalt, John J. Horvei, Roseville, for Broos.

Steven Mattaini, Minneapolis, for Portec, Inc.

AMDAHL, Chief Justice.

Both parties, for different reasons, sought review of a decision of the Workers' Compensation Court of Appeals (WCCA) which affirmed the compensation judge's determination that employee had sustained additional permanent partial disability to his left arm as a result of an injury sustained on February 13, 1979; that he had been entitled to benefits during retraining of 125% of his temporary total disability rate; that the employer had overpaid him compensation during retraining and was entitled to recovery of the overpayment pursuant to Minn.Stat. § 176.179 (1984); and that Minn.Stat. § 176.645 (1984), amended in 1981, required the employer to adjust disability compensation on February 13, 1982, the anniversary date of employee's injury, in spite of the fact that Minn. Stat. § 176.645 (1980), in effect when employee was injured, had required that the adjustment be made on October 1 of each year. Employee contends that he did not receive excessive compensation during re-

training and, alternatively, that if he did, the employer could not unilaterally reduce his weekly temporary total disability benefits by 20% in order to recover the overpayment. The employer contends that application of the amended section 176.645 to employees who were injured prior to its effective date will unconstitutionally impair an employer's vested right to adjust benefits on October 1 of each year.

We affirm the determinations that the employer did in fact make an overpayment of $22,916.34, that section 176.179 authorized application of the $17,272.40 awarded employee in this proceeding for additional permanent partial disability against the overpayment, and that the statute authorized the employer to deduct 20% from the weekly temporary total disability benefits payable to employee until it has recovered the entire overpayment. However, we reverse the determination that the employer is required to adjust the employee's disability benefit on the anniversary date of his injury.

■ 1–2. Employee first claims that he has not received excessive compensation because the law in effect on the date of his injury permitted concurrent payment of temporary total disability benefits and retraining compensation payable at the temporary total disability rate. His claim is refuted by *Solberg v. FMC Corp.*, 325 N.W.2d 807 (Minn.1982), in which we held that Minn.Stat. § 176.102, subd. 11 (1980), providing that during retraining employees are entitled to receive up to 156 weeks of compensation "in an amount equal to 125 percent of the employee's rate for temporary total disability," was intended to apply to retraining benefits for which liability had not been established prior to October 1, 1979, regardless of when the underlying injury occurred. The employer's liability not having been established by that date, employee was entitled to receive only one weekly benefit calculated at a rate of 125% of his temporary total disability benefit during retraining.

■ Employee next claims that principles of res judicata should be applied to permit his concurrent benefits because his requests for retraining resulted in consent orders or their equivalent in which the employer agreed to retraining and agreed to pay benefits therefor at the temporary total disability rate. We agree with the WCCA's analysis that the employer was not seeking recovery of excessive benefits paid pursuant to consent orders, but instead sought to recover 75% of the temporary total disability benefits it had voluntarily paid during the time employee was taking the retraining course. Those benefits were not paid under any administrative order, were excessive, and were clearly paid under a mistake of law, thus entitling the employer to credit them against future benefit entitlements pursuant to Minn.Stat. § 176.179 (1984). This statute provides:

Notwithstanding section 176.521, subdivision 3, or any other provision of this chapter to the contrary, except as provided in this section, no lump sum or weekly payment, or settlement, which is voluntarily paid to an injured employee or the survivors of a deceased employee in apparent or seeming accordance with the provisions of this chapter by an employer or insurer, or is paid pursuant to an order of the workers' compensation division, a compensation judge, or court of appeals relative to a claim by an injured employee or the employee's survivors, and received in good faith by the employee or the employee's survivors shall be refunded to the paying employer or insurer in the event that it is subsequently determined that the payment was made under a mistake in fact or law by the employer or insurer. When the payments have been made to a person who is entitled to receive further payments of compensation for the same injury, the mistaken compensation may be taken as a credit against future benefit entitlement; provided, however, that the credit applied against further payments of temporary total disability, temporary partial

disability, permanent total disability, retraining benefits or death benefits shall not exceed 20 percent of the amount that would otherwise be payable.

■ Employee contends, finally, that even though there was an overpayment, the employer could not unilaterally reduce the weekly temporary total disability benefits without having first obtained a determination (apparently from the Workers' Compensation Division) that the overpayment was made under a mistake of fact or law. Nothing in the language of section 176.179 supports this claim, and it is clear that the statute authorizes an employer to make the deductions when it discovers that it has overpaid disability benefits to an employee.[1]

3. Turning to the final issue, we are compelled to hold that the compensation judge and the WCCA erred in requiring the employer to adjust disability benefits due to employee on the anniversary date of his injury. This determination was based on a literal application of Minn.Stat. § 176.645 (1984). This statute, as amended in 1981, provides:

Subdivision 1. For injuries occurring after October 1, 1975 for which benefits are payable under section 176.101, subdivisions 1, 2 and 4, and section 176.111, subdivision 5, the total benefits due the employee or any dependents shall be adjusted in accordance with this section. *On October 1, 1981, and thereafter on the anniversary of the date of the employee's injury* the total benefits due shall be adjusted by multiplying the total benefits due prior to each adjustment by a fraction * * *.

Subd. 2. For injuries occurring on or after October 1, 1981, the initial adjustment made pursuant to subdivision 1 shall be deferred until the first anniversary of the date of the injury.

(Emphasis added).

However, Minn.Stat. § 176.645 (1980) was in effect on the date of employee's injury and provided:

---

1. Admittedly, an employer could err in deciding that it had overpaid benefits, but it would seem that the penalty permitted by Minn.Stat. § 176.-

225 (1984) will deter employers from reducing disability payments if they have not in fact made overpayments of past compensation.

For injuries occurring after October 1, 1975 for which benefits are payable under section 176.101, subdivisions 1, 2 and 4, and section 176.111, subdivision 5, the amount due the employee or any dependents shall be adjusted in accordance with this section. *On October 1, 1976, and each October 1 thereafter the amount due shall be adjusted* by multiplying the amount due prior to each adjustment by a fraction * * *.

(Emphasis added). This provision plainly required the employer to adjust disability benefits on October 1, 1979, and "each October 1 thereafter."

We have held on many occasions that the workers' compensation statutes in effect on the date an employee sustains a disabling injury govern both his rights to compensation and the extent of his employer's liability. As stated in *Warner v. Zaiser*, 184 Minn. 598, 601, 239 N.W. 761, 762 (1931):

The provisions of the Workmen's Compensation Law do not become fixed as to interested parties at the time the employment begins. The obligations and rights of the parties as to weekly compensation and other benefits to the employee do become fixed at the date of a compensable accident; as to benefits and liabilities arising because of the employe's death, they become fixed at the time of the death. The Legislature may change the scale of weekly or other benefits prior to the occurrence of the accident; it may change the benefits to be received by the widow of an employee prior to the death. The rate of compensation, whether for injury or death, may not be changed after the event takes place that fixes the rights of the parties under the law in force at that particular time.

*See also Boltz v. Armour Agricultural Chemical Co.*, 269 Minn. 482, 131 N.W.2d 624 (1964); *Yaeger v. Delano Granite Works*, 250 Minn. 303, 84 N.W.2d 363 (1957). The employer's liability having been fixed by the law in effect on the date of employee's injury, it had a vested right to that fixed liability. *Tracy v.*

*Streater/Litton Industries*, 283 N.W.2d 909, 916 (Minn.1979) (dictum); *Boltz, supra; Yaeger, supra.* Here, application of the amended section 176.645 to accelerate the time of the annual benefit adjustment from October 1 to February 13, the anniversary date of the employee's injury, would increase the employer's liability and impermissibly impair its vested right to have that annual benefit adjustment made on October 1. We conclude that the time of benefit adjustment must be governed by Minn.Stat. § 176.645 (1980).

Consequently, we reverse the determination of the WCCA and the compensation judge that the benefit adjustment was required to be made on February 13, 1981, and on each February 13 thereafter, and the order directing adjustment of the temporary total disability benefits and determining the remaining amount of credit to which the employer is entitled. We remand for recalculation of the temporary total disability benefits due and the credit the employer may still deduct for its overpayment of compensation.

Affirmed in part, reversed in part, and remanded.

PETERSON, J., took no part in the consideration or decision of this case.