Richard T. PETERSON, petitioner, Appellant,

v.

Hubert H. HUMPHREY, III, Attorney General, et al., Elvira Johnson, Morrison County Auditor, Respondents.

No. C3–85–1548.

Court of Appeals of Minnesota.

Feb. 11, 1986.

Review Denied April 11, 1986.

Peter Vogel, Rosenmeier & Anderson, Little Falls, for Richard T. Peterson.

Hubert H. Humphrey, III, Atty. Gen., Philip J. Olfelt, Asst. Atty. Gen., St. Paul, for Hubert H. Humphrey, III.

John E. Valen, Valen & Larson, Little Falls, for Elvira Johnson.

Heard, considered and decided by LANSING, P.J., and LESLIE and HUSPENI, JJ.

## OPINION

LANSING, Judge.

This action is based on 1984 Minn.Laws ch. 502, art. 13, § 15, which orders the State to convey to appellant Richard Peterson 27 acres of land he forfeited for non-payment of taxes. In May 1985 the trial court held the legislation void and refused to compel the conveyance on the ground that the act was a special law remitting a forfeiture and granting an exclusive privilege to an individual in violation of Minn. Const. art. XII, § 1. Five days later the legislature retroactively repealed the act upon which this action is based. Peterson appeals. We dismiss the appeal on the basis that his claim is moot.

## FACTS

In 1947 Richard Peterson purchased 27 acres of land in Morrison County at a tax forfeiture sale. He contends that the tax statements were sent to his father, William Peterson (the former Morrison County Treasurer), who paid the taxes for his son as they came due.

In 1970 and 1971 property taxes were not paid. In April 1972 a tax judgment was entered against the property, and in May 1972 at the tax sale the State bid in for the

property. At this time the State was in the process of building a dam and water control structure on nearby Rice Lake for the purpose of improving waterfowl management.

Taxes on the property remained unpaid every year through 1977. Peterson made no attempt to redeem it. In August 1977 the county auditor issued a notice of expiration of the redemption period. A deputy sheriff served the certificate on Peterson, who tendered $18.92, the taxes due for 1976. The sheriff accepted the payment. The auditor's certificate was filed on August 5, 1977, at which time title vested absolutely in the State. *See* Minn.Stat. § 281.18; § 284.07 (1976). Peterson brought no action to recover title or damages within the limitations period prescribed in Minn.Stat. § 284.28.

In August 1982 the county released its trust hold on the land in favor of the Department of Natural Resources. The property became part of the Rice-Skunk Wildlife Management Area and now provides the only convenient public access to Mud Lake, which as a result of state development has become one of the best waterfowl hunting and wild ricing areas in central Minnesota. Other access areas are controlled by private hunting clubs.

In March 1984 two state representatives introduced a legislative bill providing:

> The State of Minnesota shall convey to Richard T. Peterson, Route # 6, Little Falls, 56345, any land in Morrison County owned by him in 1977 which became forfeited for unpaid property taxes after 1977. The attorney general shall prepare appropriate instruments of conveyance with a precise description of all land subject to this section. The price for the land shall be the same as that provided for a redemption under Minnesota Statutes, section 281.02.

The bill was passed by the House of Representatives, but not by the Senate. Nonetheless, it was included in the omnibus tax bill that was adopted by the conference committee and became law. *See* 1984 Minn.Laws ch. 502, art. 13, § 15. Peterson tendered $263.75, the total back taxes, to the Morrison county auditor, who refused to accept the funds without a proper deed. The attorney general refused to convey the property.

Peterson moved in Ramsey County district court for a writ of mandamus to compel the conveyance. In March 1985 the trial court issued a writ ordering the commissioner of natural resources to either execute and deliver the deed or to show cause why not at a later hearing. In April 1985 the court conducted a hearing, where the State argued the legislation was void. On May 16, 1985, the trial court issued an order discharging the earlier writ and declaring the legislation void as a violation of Minn.Const. art. XII, § 1, which prohibits special laws remitting a forfeiture and granting an exclusive privilege to an individual.

On May 22, 1985, the legislature repealed 1984 Minn.Laws ch. 502, art. 13, § 15. The repealer expressly provided that the act was void from the time of its enactment. *See* 1985 Minn.Laws ch. 171, § 2.

## ISSUE

Is this appeal moot because the legislature repealed the act upon which Peterson's claim is based?

## ANALYSIS

We note at the outset that Peterson is not alleging the forfeiture proceedings were defective because he lacked notice, although he contends he did not become aware of the forfeiture until 1982. His claim is based solely on the 1984 act directing the attorney general to convey the property back to him upon payment of back taxes.

Peterson contends that passage of the 1984 act gave him a contract right to the property, and the repealer is therefore an unconstitutional impairment of his contract right. The State contends the legislature's retroactive repeal of the 1984 act is valid and renders this action moot.

■ There are contract clauses in both the state and federal constitutions. *See* Minn. Const. art. I, § 11; U.S. Const. art. I, § 10, cl. 1. The contract clause limits the power of the State to modify its contracts, but does not prohibit it from repealing or amending statutes or from enacting legislation with retroactive effects. *United States Trust Co. v. New Jersey*, 431 U.S. 1, 17, 97 S.Ct. 1505, 1515, 52 L.Ed.2d 92 (1977). State legislation may give rise to a contractual obligation "when the language and circumstances evince a legislative intent to create private rights of a contractual nature enforceable against the State." *Id.* at 17 n. 14, 97 S.Ct. at 1515 n. 14. A party asserting the creation of a contract must overcome the well-established presumption that "a law is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the legislature shall ordain otherwise." *National R.R. Passenger Corp. v. Atchison, Topeka and Santa Fe Railway Co.*, — U.S. —, 105 S.Ct. 1441, 1452, 84 L.Ed.2d 432 (1985) (quoting *Dodge v. Board of Education*, 302 U.S. 74, 79, 58 S.Ct. 98, 100, 82 L.Ed. 57 (1937)).

The requisite contractual intent has been found, for example, in a statutory bond covenant relied upon by bond purchasers, the purpose of which was to invoke the constitutional protection of the contract clause as security against repeal. *See United States Trust Co. v. New Jersey*, 431 U.S. at 17–18, 97 S.Ct. at 1515–16. In *Christensen v. Minneapolis Municipal Employee's Retirement Board*, 331 N.W.2d 740, 750 (Minn.1983), the supreme court held that state legislation providing pension rights for public employees created a right enforceable under the contract clause by promissory estoppel.

Peterson contends he offered to buy the property back by paying the back taxes, his legislator communicated the offer, and the State accepted it by enacting the proposed bill. This analysis would graft an intent to contract into virtually all the special legislation passed each time the legislature meets.

There is nothing in the language or the circumstances of the 1984 act's passage evincing a legislative intent to prohibit its later revision or repeal. The 1984 act is not a contract with Peterson, nor is it a promise that must be enforced by estoppel to prevent injustice. *See id.* at 749. The act conferred nothing more than a gratuitous benefit; it induced no action or reliance on Peterson's part. The State, on the other hand, has relied on its title by improving the property and using it to provide the only convenient public access to a major wildlife area. We can see no constitutional reason that would prohibit retroactive repeal of the 1984 act.

It is well settled that if, pending an appeal, an event occurs which makes a decision unnecessary, the appeal will be dismissed as presenting a moot question. *Sprenger v. Jacobs*, 305 N.W.2d 747, 748 (Minn.1981). Review of the trial court's ruling on the constitutionality of the 1984 legislation is unnecessary because the legislation was validly repealed.

## DECISION

■ This action is moot because the legislature validly repealed the act upon which it is based.

Dismissed.

LESLIE, J., dissents.

LESLIE, Judge (dissenting).

I respectfully dissent.

After the property here in question was forfeited, appellant offered to purchase the property from the State. The legislature accepted his offer in the 1984 session. Appellant, acting in good faith tendered the price, but the tender was refused. I agree with appellant that what was created by the 1984 law was a contract for the sale of land. It is established that the State has the same right to sell land as an individual. *State ex rel. Equity Farms, Inc. v. Hubbard*, 203 Minn. 111, 280 N.W. 9 (1938). State officials may disagree with the wisdom of the legislation but they are obliged to abide by the law.

The attempted repeal of the 1984 law must fail since appellant complied with the legislature's requirements and thus acquired a vested interest in the property. This interest cannot be disturbed by repeal. *Yaeger v. Delano Granite Works*, 250 Minn. 303, 84 N.W.2d 363 (1957). Rather than dismissing this case as moot I would reverse and require the State to convey back to him the property in issue.