**Glen DAHLBECK, Relator,**

v.

**NEW LONDON CONCRETE and Iowa National Mutual Insurance Company, Employer and Insurer,**

**State Treasurer, Custodian of the Special Compensation Fund, Respondent.**

**No. C9–86–835.**

Supreme Court of Minnesota.

Feb. 20, 1987.

---

Mark N. Stageberg, Caryn F. Brenner, Minneapolis, for relator.

Patrick W. Sauter, Minneapolis, for New London Concrete and Iowa Nat. Mut. Ins. Co.

Catherine M. Keane, St. Paul, for State Treasurer.

YETKA, Justice.

This is an appeal from the decision of the WCCA directing that the distribution of proceeds awarded in a third-party personal injury action for injuries sustained in 1974 include payment to the Special Compensation Fund of an amount equal to the supplementary benefits paid by the employer to the employee and reimbursed by the Special Compensation Fund to the employer. We reverse.

Relator, Glen Dahlbeck, was employed as a truckdriver by New London Concrete Products and Supply Company. On July 2, 1974, relator was injured when a trolley boom hoist he was operating made contact with an electric powerline. New London Concrete and its workers' compensation insurer, Iowa National Mutual Insurance Company, paid relator workers' compensation benefits. Those benefits included supplementary benefits for which New London Concrete and its insurer have been reimbursed by the Special Compensation Fund in the amount of $36,981.13. *See* Minn. Stat. § 176.132, subd. 3 (1974).[1]

Relator brought a personal injury action against several third parties to recover damages. Following a jury trial, judgment was entered for relator in the amount of $1,428,149 plus interest, costs and disbursements. After an unsuccessful appeal,[2] relator was paid in full.

---

1. Supplementary benefits are used to supplement basic weekly compensation benefits paid to an injured employee in certain specified situations. The payment of these benefits is the responsibility of the employer, but the employer or insurer also has a right to full reimbursement from the Special Compensation Fund for the amount of such benefits paid. Minn.Stat. § 176.132, subds. 2, 3 (1974). In this case, employee was eligible for supplementary benefits because he was permanently and totally disabled for a designated period and, because of a setoff for government disability benefits received by employee, the employer reduced his benefit payments below the designated percentage of the statewide average weekly wage.

2. *Dahlbeck v. Dico Co., Inc.*, 355 N.W.2d 157 (Minn.Ct.App.1984), *review denied* Feb. 6, 1985.

Relator then submitted a petition for distribution of proceeds from the third-party liability action to the Workers' Compensation Division pursuant to Minn.Stat. § 176.-061, subd. 6 (1974). On April 12, 1985, the Workers' Compensation Division filed its determination of third-party credit which included a directive that the Special Compensation Fund was to be reimbursed the $36,981.13 paid to relator as supplementary benefits.[3] On appeal, the WCCA affirmed the order, holding that the Special Compensation Fund was entitled to reimbursement under Minn.Stat. § 176.061 (1974).

Under the current statutory scheme, the Special Compensation Fund would clearly have a right to reimbursement. Minn.Stat. § 176.061 (1986). However, there is no dispute that, in this case, the law applying to the distribution of third-party recovery proceeds is the statute in effect at the time of the 1974 injury.[4] Thus, the sole issue raised on appeal to this court is whether Minn.Stat. § 176.061 (1974) allowed for the recovery of benefits paid by the Special Compensation Fund.

■ Minn.Stat. § 176.061 (1974) provided for distribution of third-party proceeds from actions for damages or settlement as follows:

Subd. 6. Costs, attorney fees, expenses. The proceeds of all actions for damages or settlement thereof under section 176.061, received by the injured employee or his dependents or by the employer as provided by subdivision 5, shall be divided as follows:

(a) After deducting the reasonable cost of collection, including but not limited to attorneys fees and burial expense in excess of the statutory liability, then

(b) One-third of the remainder shall in any event be paid to the injured employee or his dependents, without being subject to any right of subrogation.

(c) Out of the balance remaining, the employer shall be reimbursed for all compensation paid under chapter 176.

(d) Any balance remaining shall be paid to the employee or his dependents, and shall be a credit to employer for any compensation which employer is obligated to pay, but has not paid, and for any compensation that such employer shall be obligated to make in the future.

There shall be no reimbursement or credit to employer for interest or penalties.[5]

Under the plain language of the 1974 law, the Special Compensation Fund was not entitled to reimbursement.

Respondent, Special Compensation Fund, does not contest this, but argues that its right to reimbursement is derivative of the employer/insurer's right to recovery from the civil damages action. As we explained, however, in *Wilken v. International Harvester Co.*, 363 N.W.2d 763 (Minn.1985), the employer's role in the payment of supplementary benefits is not that of a primary obligor, but simply that of conduit for payments. *Id.* at 769. Since supplementary benefits were not included as part of an employer's liability in the first place, there could not possibly be a derivative right to recover payments of such benefits.

■ The right of subrogation under workers' compensation is set by law. When legislation fails to authorize subrogation, courts may not infer such a right. *Orth v. Shiely Petter Crushed Stone Co.,*

**3.** *See* Minn. Rules 5220.3600 (1985) (third-party recovery orders).

**4.** *See, e.g., Leahy v. St. Mary's Hospital,* 339 N.W.2d 265 (Minn.1983); *Yaeger v. Delano Granite Works,* 250 Minn. 303, 84 N.W.2d 363 (1957).

**5.** In 1981, the legislature amended section 176.-061, subdivision 6(c) (1986) to read:

Out of the balance remaining, the employer or the special compensation fund shall be reimbursed in an amount equal to all benefits paid under this chapter to or on behalf of the employee or the employee's dependents by the employer or special compensation fund, less the product of the costs deducted under clause (a) divided by the total proceeds received by the employee or his dependents from the other party multiplied by all benefits paid by the employer or the special compensation fund to the employee or the employee's dependents.

253 Minn. 142, 91 N.W.2d 463 (1958). Because Minn.Stat. § 176.061 (1974) did not provide for reimbursement to the Special Compensation Fund, we are left with no alternative but to reverse the WCCA's decision directing reimbursement.

Employee is awarded attorney fees of $400.

Reversed.