**Brian GRANBERG, Respondent,**

v.

**PCL CONSTRUCTION and U.S. Insurance Group, Relators.**

**No. CX–88–2128.**

Supreme Court of Minnesota.

Jan. 27, 1989.

James R. Waldhauser, Michael D. Miller, Minneapolis, for relators.

Mark J. Fellman, St. Paul, for respondent.

## OPINION

WAHL, Justice.

This is an appeal from a decision of the Workers' Compensation Court of Appeals holding that retraining benefits were "monetary benefits" and that the amount of benefits due were to be calculated under the law in effect on the date of injury. The sole issue for review is whether retraining benefits should be calculated under the law in effect on the date of injury or under the law in effect on the date the employer's liability for retraining benefits was established. Concluding that retraining benefits are monetary benefits, we affirm.

The facts in this case are not in dispute. Brian Granberg sustained a work-related injury on January 2, 1981 while employed by PCL Construction Company. Liability was admitted and payment of workers' compensation benefits commenced. The employee was assigned a qualified rehabilitation consultant who developed a plan pursuant to which the employee would obtain a Bachelor of Science degree in Business Administration from Mankato State University. PCL Construction's workers' compensation liability insurer, U.S. Insurance Group, agreed to pay for the employee's cost of temporary relocation, long-distance telephone calls, travel between Minneapolis and Mankato, classroom supplies, tuition, and temporary total disability compensation.

On August 18, 1985, the employee's qualified rehabilitation consultant submitted the retraining plan for approval to the Department of Labor and Industry, Rehabilitation and Medical Services. In a decision filed on August 22, 1985, a rehabilitation specialist approved the plan and ordered the employer/insurer to pay retraining benefits at a rate of 125% of the employee's rate for temporary total disability. The employer/insurer filed an appeal to the Rehabilitation Review Panel. In a decision filed on January 22, 1987, the panel found no unusual or unique circumstances to justify the 125% benefits rate and reduced the rate to 100%. On appeal, the Workers' Compensation Court of Appeals reversed and awarded retraining benefits at 125% of the temporary total disability compensation rate.

The law in effect on the date the employee was injured provides for retraining benefits at 125% of the compensation rate or temporary total disability. Minn.Stat. § 176.102, subd. 11 (1980).[1] The law in

1. Minn.Stat. § 176.102, subd. 11 (1980) provides:

Compensation during rehabilitation. The insurer or employer shall pay up to 156 weeks of compensation during rehabilitation under a plan in an amount equal to 125 percent of the employee's rate for temporary total disability. This payment is in lieu of payment for temporary total, temporary partial, or permanent total disability to which the employee might otherwise be entitled for this period under this chapter, but shall be considered to be the equivalent of temporary total disability for the purposes of section 176.132 [supplementary benefits]. If on the job training is part of the rehabilitation program, the weeks during which the insurer or employer pays compensation pursuant to subdivision 5 shall be subtracted from the 156 weeks of retraining compensation which has been paid, if any, pursuant to this subdivision. This subdivision shall not apply to retraining benefits for

effect on the date a rehabilitation specialist determined that retraining was necessary provides for compensation up to an amount equal to 25% of the temporary total compensation rate, to be paid in addition to the regular weekly benefits, but only if unusual or unique circumstances warrant such additional compensation. Minn.Stat. § 176.102, subd. 11 (1985).[2] This section also states, however, that it applies to all injured employees "except for those provisions which affect an employee's monetary benefits." Minn.Stat. § 176.102, subd. 11a (1985).[3]

Relying on *Sherman v. Whirlpool Corp.*, 386 N.W.2d 221 (Minn.1986), the Workers' Compensation Court of Appeals concluded that under subdivision 11a, retraining benefits are "monetary benefits". We agree. Such benefits are paid directly to the employee and amount to a fund over which the employee retains discretion. *Id.* at 224. Accordingly, the amount payable is subject to the law in effect on the date of injury. *See* Altman, Benanav, Keefe, Volz, *Minnesota's Workers' Compensation Scheme: The Effects and Effectiveness of the 1983 Amendments*, 13 Wm.Mitchell L.Rev. 843, 925 (1987).[4]

AFFIRMED.

The employee is awarded $400 on appeal.

which liability has been established prior to July 1, 1979.

2. Minn.Stat. § 176.102, subd. 11 (1985) provides:

Retraining. Retraining is limited to 156 weeks. An employee who has been approved for retraining may petition the commissioner for additional compensation not to exceed 25 percent of the compensation otherwise payable. If the commissioner determines that this additional compensation is warranted due to unusual or unique circumstances of the employee's retraining plan, the commissioner may award additional compensation in an amount the commissioner determines is appropriate, not to exceed the employee's request. This additional compensation shall cease at any time the commissioner deter-

mines the special circumstances are no longer present.

3. Minn.Stat. § 176.102, subd. 11a (1985) provides:

Applicability of section. This section is applicable to all employees injured prior to or on and after October 1, 1979, except for those provisions which affect an employee's monetary benefits.

4. The employer/insurer argue that under *Solberg v. FMC Corp., Northern Ordinance Div.*, 325 N.W.2d 807 (Minn.1982), the amount of benefits are to be determined by the law in effect at the time the employee's right to such benefits "vest." *Solberg* involved the construction of a prior version of subdivision 11 of section 176.102 and is thus not dispositive of the issue in this case.