LESTER H. VANDA v. MINNESOTA MINING & MANUFACTURING COMPANY AND ANOTHER.

218 N. W. 2d 458.

May 17, 1974—No. 44378.

*Jardine, Logan & O'Brien* and *Michael J. Healey,* for relators.
*Michael J. Garvey, Jr.,* for respondent.

PER CURIAM.

Writ of certiorari to review a decision of the Workmen's Compensation Commission granting employee compensation for a 30-percent per-

manent partial disability of the back. Employer does not contend that employee's disability is less than 30 percent nor does it deny liability for at least part of this 30 percent. What employer contends is that in view of the expert testimony on the issue of causation, the commission should have held it liable for only a part of the disability. We reject this contention. The longstanding rule, applied by this court in numerous cases, is that when the usual tasks ordinary to an employee's work substantially aggravate, accelerate, or combine with a preexisting disease or latent condition to produce a disability, the entire disability is compensable, no apportionment being made on the basis of relative causal contribution of the preexisting condition and the work activities. Forseen v. Tire Retread Co. Inc. 271 Minn. 399, 136 N. W. 2d 75 (1965); Larson v. Davidson-Boutell Co. 258 Minn. 64, 102 N. W. 2d 712 (1960); Gillette v. Harold, Inc. 257 Minn. 313, 101 N. W. 2d 200 (1960). In the instant case the commission found, on sufficient evidence which we need not recite, that employee's disability resulted from work activities substantially aggravating a preexisting condition. This being so, the entire disability is compensable.

Affirmed.