# GERALD WALLACE v. HANSON SILO COMPANY AND ANOTHER.

235 N. W. 2d 363.

September 26, 1975—No. 44924.

*Laurence F. Koll,* for relators.

*Grose, Von Holtum, Von Holtum, Sieben & Schmidt* and *Timothy J. McCoy,* for respondent.

Heard before Otis, MacLaughlin, and Knutson, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

Relators, Hanson Silo Company and its insurer, seek review of a decision of the Workmen's Compensation Commission granting respondent, Gerald Wallace, benefits for permanent partial disability of the back. The only issue is whether the employer was liable for that part of the disability which was attributable to a preexisting back condition. The commission refused to apportion the disabilities and we affirm.

The facts are not in dispute. Respondent had been employed by Hanson for about 10 years when he suffered a work-related back injury on September 25, 1971. The medical testimony most favorable to the employee found that he suffered a 25-percent permanent partial disability of the back following the injury. His doctor testified that 10 percent of his disability was at-

tributable to a preexisting condition, and 15 percent was attributable to the injury of September 25, 1971.

The compensation judge declined to apportion the disabilities and the commission affirmed. In its memorandum in support of its decision, the commission treated the preexisting condition as "non-occupational," but noted by way of footnote that the medical testimony seemed to indicate that the employee's preexisting disability was related to the work he had been performing for Hanson. The commission concluded that in the absence of express statutory authority for allowing deductions for prior disabilities which were not work related, apportionment is prohibited.

On the authority of Vanda v. Minnesota Min. & Mfg. Co. 300 Minn. 515, 516, 218 N. W. 2d 458 (1974), and the decisions therein cited, we affirm. There, we said:

"* * * The longstanding rule, applied by this court in numerous cases, is that when the usual tasks ordinary to an employee's work substantially aggravate, accelerate, or combine with a preexisting disease or latent condition to produce a disability, the entire disability is compensable, no apportionment being made on the basis of relative causal contribution of the preexisting condition and the work activities."

In adhering to the rule that we will not apportion disabilities in the absence of statutory authority, we deem it appropriate to call to the attention of the legislature what may be a highly inequitable omission from the statute. If we are correct in our understanding of how the commission construes Minn. St. 176.131, subd. 1, the employer would not be entitled to look to the special fund for reimbursement even if the employee's prior disability had been registered under § 176.131, subd. 3(b).[1]

---

[1] Minn. St. 176.131, subd. 1, provides: "If an employee incurs personal injury and suffers disability that is substantially greater, because of a pre-existing physical impairment, than what would have resulted from the personal injury alone, the employer shall pay all compensation provided by chapter 176, but he shall be reimbursed from the spe-

Where, as here, the commission has found that a work-related injury has aggravated a preexisting condition, we are of the opinion that it is unjust to burden the employer with responsibility for that part of the disability which was not work related. In recognition of the understandable reluctance of employers to hire workers with physical defects, the statute encourages the hiring of handicapped persons by permitting employers to be reimbursed under the conditions set forth in § 176.131. If the statute denies access to the special fund for prior nonoccupational injuries, it tends to defeat legislative policy by making it more difficult for partially disabled employees to continue working in positions which they are capable of handling. Accordingly, it seems advisable to suggest that the legislature amend the law to prevent a result which is not only unfair to employers but detrimental to those employees the statute is designed to protect.

Respondent is allowed $400 attorneys fees on this appeal.

Affirmed.

---

cial compensation fund for all compensation paid in excess of 52 weeks of monetary benefits and $2,000 in medical expenses, subject to the following exceptions:

"If the personal injury alone results in permanent partial disability to a scheduled member under section 176.101, the monetary and medical expense limitations shall not apply and the employer shall be liable for such compensation, medical expense, and retraining attributable to the permanent partial disability, and he may be reimbursed from the compensation fund only for compensation paid in excess of such disability."

It is not clear to us whether under Rule WC 24 of the commission's Rules of Practice this employee's disability could have been registered. That rule provides as follows: "(2) The following physical or mental conditions that are permanent in nature may be registered:

\* \* \* \* \*

"(o) Physical impairments for which at least 50 weeks or more of weekly benefits would be payable if evaluated according to standards used in workmen's compensation proceedings."