## PAUL J. BYRD v. STATE, DEPARTMENT OF ADMINISTRATION.

234 N. W. 2d 589.

September 26, 1975—No. 45365.

*John T. Lilligren,* for relator.
*Robins, Davis & Lyons* and *Arnold M. Bellis,* for respondent.

PER CURIAM.

The State Department of Administration seeks review of a decision of the Workmen's Compensation Commission refusing to apportion an award for injuries partially attributable to a work-related injury and partially attributable to a nonwork-related injury. The commission found no statutory authority permitting such apportionment. We affirm.

Plaintiff, while self-employed as a plumber, sustained back injuries in 1968 which required extensive surgery. Because self-employed persons are not covered by the Workmen's Compensation Act, no evaluation of this injury was made at the time. Plaintiff was hired by the state as a plumber in 1970 and on December 29, 1971, sustained a work-related back injury, which was treated, and he returned to work. At this time the state became aware of plaintiff's prior medical history, which he had not disclosed at the time of his employment for fear of not being hired.

On May 24, 1972, plaintiff again injured his back at work and

is unable to continue work as a plumber. He has been certified for retraining as a locksmith. The compensation judge found plaintiff to be 30-percent permanently partially disabled, 20 percent attributable to the 1968 injury, and 10 percent to the 1972 injury. Plaintiff was awarded benefits of 10 percent by the compensation judge on the theory the act required apportionment. On appeal, the commission set aside the apportionment and awarded plaintiff benefits of 30 percent on the grounds there is no statutory authority for apportionment.

The legal principle involved in this case is identical to the issue raised in Wallace v. Hanson Silo Co. 305 Minn. 395, 235 N. W. 2d 363, filed herewith. For the reasons set forth therein, we affirm.

Respondent is allowed $350 attorneys fees on this appeal.

Affirmed.