James P. JOYCE, Jr., Respondent,

v.

LEWIS BOLT & NUT COMPANY, self-insured, Respondent,

Lewis Bolt & Nut Company, and Great American Insurance Company, Relators,

HMO Minnesota, et al., Intervenors,

The Special Compensation Fund, Respondent.

No. C1–86–2109.

Supreme Court of Minnesota.

Sept. 18, 1987.

Janice Culnane, Minneapolis, for appellant.

David R. Vail, Roseville, for James P. Joyce.

Sean E. Hade, Gregg A. Johnson, St. Paul, for Lewis Bolt & Nut Co.

Alan C. Page, Sp. Asst. Atty. Gen., Hubert H. Humphrey, III, St. Paul, for Special Compensation Fund.

## OPINION

COYNE, Justice.

We review on certiorari a decision of the Workers' Compensation Court of Appeals awarding compensation for six separate injuries to the back. We affirm the award with respect to the five injuries occurring prior to December 31, 1983, and we affirm the determination that the employee is entitled to economic recovery benefits in a yet undetermined amount for the permanent partial disability attributable to the sixth injury on June 15, 1984. We reverse the award of ongoing temporary total disability compensation from June 15, 1984, and reinstate the decision of the compensation

judge limiting temporary total disability compensation to the period ending 90 days after employee reached maximum medical improvement.

The employee worked for Lewis Bolt & Nut Company, primarily as a heaterman or headerman—both heavy duty jobs—from May 21, 1974 to June 15, 1984, when he sustained the last of several work-related back injuries. Although he had undergone laminectomies on September 8, 1981 and on December 29, 1983, employee did not seek workers' compensation until after the injury of June 15, 1984.

The compensation judge found the following facts: The employee had sustained four personal injuries of the Gillette type arising out of and in the course of his employment to August 23, 1981, March 6, 1983, May 17, 1983, and October 16, 1983. The injuries of August 23, 1981 and October 16, 1983, each resulted in a 15% permanent partial disability of the back. In addition, the employee suffered two specific personal injuries to the back: one on May 24, 1982, and the last injury on June 15, 1984. The employee was temporarily totally disabled from June 15, 1984 to January 31, 1985, when he reached maximum medical improvement (MMI). The injury of June 15, 1984, is a substantial contributing cause of employee's temporary total disability, which is the combined result of all six injuries; and employee's disability from June 15, 1984, to MMI was substantially greater as a result of his preexisting impairments than would have resulted from the 1984 injury alone.

The compensation judge found that employee had sustained a permanent aggravation of the back as a result of the June 15, 1984 injury, but he made no permanency rating because the employee had not claimed permanent disability attributable to that injury. On February 1, 1985, the employee suffered a further aggravation of the back in a non-work-related automobile accident. On February 28, 1985, the employee had a third laminectomy. As of the date of the hearing, employee had not returned to work; the employer had made no offer of work.

On the basis of these findings the compensation judge ordered the employer, which was self-insured until January 1, 1984, to pay temporary total disability compensation related to each of the first five injuries and permanent partial disability compensation related to the 1981 and 1983 injuries—all calculated according to the law in effect on the date of the particular injury. Finally, he awarded temporary total disability compensation from June 15, 1984 to May 1, 1985 (90 days after MMI on January 31, 1985) and economic recovery benefits in whatever amount the employee may be entitled based on permanent impairment of the body as a whole as a result of the June 15, 1984 injury.

Having found that the injury sustained on June 15, 1984 had been duly registered with the department of labor and industry, the compensation judge ordered the self-insured employer dismissed on payment of the compensation awarded with respect to the five injuries which had occurred prior to 1984 and ordered Great American Insurance Company, which insured employer from January 1, 1984, to pay the award related to the 1984 injury, with a right of reimbursement pursuant to Minn.Stat. § 176.131 (1986), from the special compensation fund.

On appeal the WCCA unanimously agreed that there was substantial evidence for all of the compensation judge's factual determinations and that they must be affirmed. The WCCA divided, however, with respect to the application of the law to those facts. While all agreed on the correctness of the award of benefits for the temporary total disability following each of the first five injuries and for permanent partial disability attributable to the injuries of August 23, 1981, and October 16, 1983, they disagreed about the legal implications of the 1984 injury. The majority was of the opinion that following the 1984 injury the employee had a vested right under the pre–1984 workers' compensation act to ongoing temporary total disability compensation to which maximum medical improvement and the limitation on temporary total compensation provided by the 1983 revi-

sions of the workers' compensation act are inapplicable. The majority awarded temporary total disability compensation from June 15, 1984 and also economic recovery benefits, to be paid by Great American, the insurer at the time of the 1984 injury. The dissenting judge would have affirmed the compensation judge's award of benefits limiting temporary total disability compensation to 90 days after MMI.

At the outset we note the employer's objections to the determination that the employee's 1981 injury is compensable and that the employer's attempt to register the 1983 injuries was untimely. We are satisfied, however, that the findings of the compensation judge, which the WCCA affirmed, are not manifestly contrary to the evidence; indeed, from our review of the record we conclude, as did the WCCA, that all of the compensation judge's findings are supported by substantial evidence. *Hengemuhle v. Long Prairie Jaycees,* 358 N.W.2d 54 (Minn.1984); *Egeland v. City of Minneapolis,* 344 N.W.2d 597 (Minn.1984).

The critical issue presented here is fundamental to the law of workers' compensation: the effect of amendment of the Workers' Compensation Act when a worker injured prior to the amendment sustains another injury after the amendment. The issue arises because the 1983 revision of the Workers' Compensation Act sharply curtailed temporary total compensation. Laws 1983, ch. 290, § 42–68. The employee contends, and by majority opinion the WCCA agreed, that an employee injured prior to January 1, 1984 has a vested right under the "old" Workers' Compensation Act to collect temporary total disability benefits for the rest of his life and that this vested right may not be impaired by the "new" law—i.e., the Workers' Compensation Act as revised by Laws 1983, ch. 290— in effect on June 15, 1984 when employee suffered his most recent injury. The WCCA's award, however, is for economic recovery benefits provided by the "new" law and temporary total disability benefits available only under the "old" law but calculated on the basis of employee's wages on June 15, 1984. It seems to us that neither the employee nor the WCCA can

straddle the demarcation line between the "old" and "new" laws and keep a foot in each camp.

■ Strictly speaking, the rights and liabilities created by the Workers' Compensation Act are imposed on the employment relationship pursuant to the police power, independently of any actual or implied contract. *Todeva v. Oliver Iron Mining Co.,* 232 Minn. 422, 428, 45 N.W.2d 782, 788 (1951). On the theory, however, that the statute becomes a part of the contract of employment, *Sandy v. Walter Butler Shipbuilders, Inc.,* 221 Minn. 215, 218, 21 N.W.2d 612, 614 (1946), we have treated the Workers' Compensation Act as contractual in nature, and we have consistently held that "any statute which purports to alter a substantial term of the contract which was in effect at the time the controlling event occurred * * * impairs the obligation of such contract and is therefore unconstitutional." *Yaeger v. Delano Granite Works,* 250 Minn. 303, 308, 84 N.W.2d 363, 366 (1957); *Warner v. Zaiser,* 184 Minn. 598, 239 N.W. 761 (1931). It is, then, a basic tenet of workers' compensation law that the substantive rights of employer and employee are fixed, not by their agreement, but rather by the law in effect on the date of the controlling event. Although death is the event which controls the rights of dependents, *e.g., Lakics v. Lane Bryant Dep't Store,* 263 N.W.2d 608 (Minn.1978); and although the controlling event with respect to an occupational disease is the manifestation of its disabling effect, *e.g., Langlais v. Superior Plating, Inc.,* 303 Minn. 213, 226 N.W.2d 891 (1975), most often the occurrence of a compensable personal injury is the controlling event.

■ Moreover, it is the most recent occurrence of a compensable personal injury which is the controlling event, and the law then in effect governs the employee's rights with respect to the claim arising out of that injury. If a period of disability is precipitated by a "consequential" injury, a recurrence, or a mere temporary aggravation, which is simply a continuance of an earlier injury, as opposed to a new, sepa-

rate injury, the original injury continues to be the controlling event, and the employee's rights are governed by the Workers' Compensation Act in effect on the date of the original injury. *E.g., Rohr v. Knutson Construction Co.,* 305 Minn. 26, 232 N.W.2d 233, 236 (1975). If, on the other hand, the employee suffers a new, separate injury, that new injury supersedes the earlier injury as the controlling event, and the law in effect on the date of the new injury supersedes the law in effect at the time of the earlier injury. As Professor Larson puts it, "The legal rule is, of course, that if it is a separate new injury the rate in effect at the time of the new injury controls." 2 Larson, Workmen's Compensation § 60.50. *See, e.g., Boltz v. Armour Agricultural Chemical Co.,* 269 Minn. 482, 486, 131 N.W.2d 624, 628 (1964); *Marsolek v. Miller Waste Mills,* 244 Minn. 55, 60, 69 N.W.2d 617, 620 (1955).

▬▬ Here employee claimed that he had sustained six separate work-related injuries, the last of which occurred on June 15, 1984. The compensation judge and the WCCA found as fact that employee had indeed sustained six separate injuries, that all of the injuries were substantial causes of his total disability following the 1984 injury, and that three of those injuries, including the 1984 injury, had resulted in permanent partial disability. Although employee does not dispute the finding that he suffered a separate, new injury in 1984, he contends that to invoke the statute in effect on June 15, 1984, is to destroy rights vested under the "old" statute applicable to the earlier injuries. The employee has, however, misconstrued the nature of the rights which vested under the "old" act. While it is true that employee had a right after the work-related injury of October 16, 1983, to benefits during temporary total disability substantially caused by his October 1983 injury and any earlier work-related injuries, that right was contingent on employee being temporarily totally disabled and did not vest until the causal relationship between his disability and the prior work-related injuries had been proved.

When a right has arisen upon a contract, or transaction in the nature of a contract,

authorized by statute[,] and liabilities under that right have been so far determined that nothing remains to be done by the party asserting it, it becomes vested and the repeal of the statute does not affect it or the action for its enforcement.

*Yaeger v. Delano Granite Works,* 250 Minn. 303, 307, 84 N.W.2d 363, 366 (1957). The employee had, however, returned to work after the October 1983 injury, and until the injury of June 15, 1984, employee was not totally disabled. On the occurrence of that separate new injury the rights available under the statute in effect on June 15, 1984, superseded those still contingent rights provided by the "old" statute.

Moreover, vesting is a two-way street; the employee's vested right is the employer's vested liability. Although employee in this case regards application of the "old" statute to be in his best interest, to treat disability caused in substantial part by each of several injuries as governed by the statute in effect at the time of the original injury or to apportion the disability among several contributing injuries and apply the statute in effect on the date of injury to the portion of disability attributable to each injury would not only represent a significant departure from the principles upon which the law of workers' compensation rests; but would also in likelihood be a disservice to employees and employers alike.

Reversed and decision of workers' compensation judge reinstated.