**Susann R. WINCHESTER, Respondent,**

v.

**PAKO CORPORATION and St. Paul Companies, Relators.**

No. C6–87–1421.

Supreme Court of Minnesota.

March 18, 1988.

**588**

Michael D. Aafedt, Robin D. Simpson, Minneapolis, for relators.

John Weinard, Jr., Allen R. Webb, Bloomington, for respondent.

AMDAHL, Chief Justice.

The Workers' Compensation Court of Appeals affirmed an award of temporary partial disability compensation beyond 90 days past maximum medical improvement to an employee who was working at a suitable job but at a reduced wage. We affirm.

Susann R. Winchester (employee) injured her back on October 4, 1984, while working for Pako Corporation as a sheet metal person. Pako and its workers' compensation insurer, St. Paul Companies, admitted primary liability and paid the employee temporary total disability compensation. In April 1986, employee started working for Waltek Investment Castings at a wage that was less than her pre-injury wage. Both parties agreed that this job was "suitable." Pako and its insurer then paid temporary partial disability compensation. Subsequently, employee reached maximum medical improvement, and she was served with the maximum medical improvement report and a notice of intention to discontinue benefits except for impairment compensation and related medical expenses on May 2, 1986.

Pako and its insurer ceased payment of temporary partial disability compensation 90 days after the designated maximum medical improvement date and commenced payment of impairment compensation for a 3.5% permanent partial disability. Employee objected to the discontinuance, and a hearing was held before a compensation judge who found that employee was entitled to temporary partial disability compensation so long as her condition warrants and she continues to work at a wage loss. Pako and its insurer appealed, and the Workers' Compensation Court of Appeals affirmed.

In *Patton v. Thompson Electric Company*, 420 N.W.2d 596 (Minn.1988), we have held that an employee, who is working at a suitable job 90 days past maximum medical improvement but at a wage loss and who is paid impairment compensation, is also entitled to temporary partial disability compensation so long as the disability shall warrant. For the reasons set forth in *Patton*, we affirm the award of temporary benefits in the employee Susann Winchester's case.

Affirmed.

Employee is awarded $400 in attorney fees on appeal.