Henry TEWS, Respondent,

v.

GEO. A. HORMEL & COMPANY,
Self–Insured, Relator.

No. C5–88–464.

Supreme Court of Minnesota.

Oct. 14, 1988.

Gary E. Leonard, Austin, for relator.

Mark G. Olive, Minneapolis, for respondent.

## OPINION

COYNE, Justice.

This is an appeal from a decision of the Workers' Compensation Court of Appeals affirming, by majority decision, an award of temporary partial compensation based on earning capacity for periods of unemployment in addition to temporary partial compensation based on post-injury wages for periods of employment to be paid concurrently with economic recovery compensation for a 7% whole body impairment. We affirm all but the award of temporary benefits based upon a finding of earning capacity for that period the employee was not working.

On July 24, 1984, the employee sustained a work-related low back injury. Hormel accepted liability and commenced payment of temporary total compensation. By letter dated March 7, 1986, the employee's treating physician informed the company doctor that the employee had reached maximum medical improvement (MMI). A workers' compensation clerk at Hormel assembled the MMI letter, a blank MMI report form and a cover letter to accompany the other two documents. The cover letter was addressed to the employee and indicated that the MMI letter of his doctor was attached. The clerk made copies of the three documents, placed them in envelopes and sent them to the appropriate parties on March 12, 1986. Because the employee was not represented by counsel at this time copies of the MMI materials were sent to him by certified mail. According to the employee, he received the cover letter and blank MMI form but not the doctor's letter. The employee then called Hormel and talked to someone who said "they would get back to" the employee.

On May 30, 1986, Hormel filed and served upon the employee a notice of intention to discontinue temporary total benefits effective June 12, 1986, which was 90 days after the date on which Hormel asserted it had served the MMI report on the employee. The notice of intention to discontinue benefits also informed the employee that Hormel would begin paying economic recovery compensation for a 7% permanent whole body impairment. An administrative conference was held on June 23, 1986, at which time the parties agreed that MMI had been reached but disagreed about the date of service of the MMI report. A rehabilitation specialist concluded that service had been accomplished on March 12 and approved the discontinuance of temporary total benefits 90 days beyond that date.

On August 3, 1986, the employee began working on his uncle's farm at a wage of $3.50 per hour and averaging $98.37 per week. On October 14, he filed an objection to the discontinuance of temporary total benefits claiming entitlement to temporary total benefits until August 3 and temporary partial benefits after that date. The employee worked on his uncle's farm until November 7, 1986, at which time no further work was available there for him. He thereafter unsuccessfully looked for work.

The employee's objection to the discontinuance came on for hearing before a compensation judge who specifically found the employee to be a credible witness. He further found that the employee had not received a copy of the doctor's MMI report until the administrative conference on June 23, 1986. He concluded that June 23, 1986, should be considered the "legally effective date of MMI" thus entitling the employee to temporary total benefits until August 3, 1986, the date on which the employee started working on his uncle's farm. The compensation judge awarded temporary partial compensation based on his wages on the farm (earning capacity) from August 3,

1986, through the date of the hearing and continuing. Finally, the compensation judge awarded permanent partial disability compensation for a 7% whole body impairment to be paid as economic recovery compensation. On appeal, the Workers' Compensation Court of Appeals affirmed by majority decision. The dissent disagreed with the award of temporary partial benefits after the employee ceased farm work on November 8, 1986.

■ As an initial matter, Hormel challenges the finding that the employee had not been served with the MMI report until June 23, 1986. This finding, however, was based upon a credibility assessment. Assessment of witness credibility is the unique function of the factfinder. *Brennan v. Joseph G. Brennan*, 425 N.W.2d 837 (Minn.1988). Accordingly, we will not disturb the challenged finding in this case.[1]

■ Hormel also challenges the award of temporary partial compensation for that period of time the employee was unemployed. We agree that the statute does not permit an award of temporary partial compensation under these circumstances. *Parson v. Holman Erection Company, Inc.*, 428 N.W.2d 72 (Minn.1988). We therefore reverse and vacate the award of temporary partial compensation based on a finding of earning capacity for periods of unemployment.

Affirmed in part, reversed in part.

Employee is awarded $400 in attorney fees on appeal.

KELLEY, J., took no part.

---

1. We commend the common practice of serving and filing a notice of intention to discontinue benefits indicating that temporary total compensation will cease in 90 days at the same time the MMI report is served and filed, for the notice of intention to discontinue benefits tends to impress on the employee the consequences attendant on service of the MMI report. *E.g., Winchester v. Pako Corp.*, 420 N.W.2d 587 (Minn. 1988); *Patton v. Thompson Elec. Co.*, 420 N.W. 2d 596 (Minn.1988); *Mastey v. Minnesota Harvestore*, —— W.C.D. ——, *aff'd without opinion*, 426 N.W.2d 437 (Minn.1988); *Schulenberg v. Twin City Frame Company*, 40 W.C.D. 905, *aff'd without opinion*, 421 N.W.2d 926 (Minn.1988); *Peterson v. Mills Enterprises, Inc.*, 40 W.C.D. 963, *aff'd without opinion*, 421 N.W.2d 926 (Minn. 1988).