**Wayne D. GUYETTE, Respondent,**

v.

**WASTE SYSTEMS CORPORATION and Transit Casualty Co./Minnesota Guaranty Association, Relators.**

No. C8–89–1151.

Supreme Court of Minnesota.

Nov. 3, 1989.

Timothy P. Jung, Gilmore, Aafedt, Forde, Anderson & Gray, P.A., Minneapolis, for relators.

Raymond R. Peterson, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, for respondent.

KEITH, Justice.

This is an appeal from a decision of the Workers' Compensation Court of Appeals holding that an injured employee with a permanent partial disability who obtains suitable employment, on his own initiative, within 90 days of the attainment of maximum medical improvement is still entitled to economic recovery compensation instead of impairment compensation because the employer did not procure the new employment.

In July 1984, Wayne D. Guyette sustained a low back injury arising out of his employment with Waste Systems Corporation. As a result of the injury, the employee was unable to return to work for the employer. The employee was provided rehabilitation services and the assistance of a qualified rehabilitation consultant in an effort to place him in a suitable job with a new employer. After many months of effort, the employee's qualified rehabilitation consultant advised him that she had nearly exhausted all employment possibilities in his job availability community.

On May 21, 1986, the employee was served with a maximum medical improvement report. On July 7, 1986, the employee found employment with Carney Auto Salvage. He obtained this job on his own initiative, without the guidance or help of his qualified rehabilitation assistant or the employer. Because his earnings at Carney Auto Salvage were less than his pre-injury earnings, the employee was paid temporary partial compensation. He also received impairment compensation for a 7% permanent partial disability to the body as a whole.

The employee filed a claim petition seeking further benefits, including the payment of compensation for his permanent impairment in the form of economic recovery compensation instead of impairment compensation. A compensation judge denied

the claim finding that the employee had obtained suitable employment within 90 days of maximum medical improvement and had been properly compensated for his permanent impairment. On appeal, the Workers' Compensation Court of Appeals reversed the compensation judge's order, concluding that where the employer did not procure the suitable employment within 90 days of maximum medical improvement, the employee was entitled to economic recovery compensation. By writ of certiorari, the employer and its workers' compensation liability insurer have sought review of the Workers' Compensation Court of Appeals reversal of the compensation judge's denial of the claim for permanent partial disability benefits as economic recovery compensation.

The statutory scheme in effect on the date of the employee's injury provides that injured workers receive temporary total compensation from the date of injury up to 90 days past service of the maximum medical improvement report or the end of an approved retraining plan, whichever is later. If an injured worker receives a "suitable job" offer[1] within the 90 days following service of the maximum medical improvement report, he or she receives temporary partial compensation if there is a disability-related wage loss plus impairment compensation for any ascertainable permanent partial disability. If no suitable job offer is made, the employee is entitled to economic recovery compensation which is significantly higher than impairment compensation.[2] At issue in this case is the relevance of whether the employer or the employee finds the suitable job.

Minn.Stat. § 176.101, subd. 3e(b) (1984) provides that impairment compensation is payable if "at any time prior to the end of the 90–day [post-maximum medical improvement] period * * * the employer furnishes work to the employee that is consistent with an approved plan of rehabilitation or, if no plan has been approved, that the employee can do in his or her physical condition and that job produces an economic status as close as possible to that the employee would have enjoyed without the disability, or the employer procures this employment with another employer or the employee accepts this job with another employer * * *." The compensation judge concluded that the language in subdivision 3e(b) clearly and unambiguously evinces a legislative intent to make the type of permanent partial disability compensation contingent upon the timing of the job offer regardless of who procures the offer. The Workers' Compensation Court of Appeals, however, concluded that subdivision 3p of section 176.101, and not subdivision 3e(b), applied to whether impairment compensation or economic recovery compensation was payable for a permanent impairment. Subdivision 3p provides that economic recovery compensation is payable "if no job offer meeting the criteria of the job in subdivision 3e is made within 90 days after reaching maximum medical improvement or 90 days after the end of an approved retraining plan, whichever is later."

As the employer/insurer argue, subdivision 3p does not require that the job offer be procured by the employer; and until this case, the Workers' Compensation Court of Appeals had read the statute as providing that economic recovery compensation was payable when neither the employer nor the employee on his or her own found suitable employment within expiration of the 90 days subsequent to maximum medical improvement. *E.g., Bechtold v. Pueringer Distributing Co.,* —— W.C.D. ——, WCCA File No. 473–62–2142 (Minn. WCCA, filed June 27, 1989); *Sampson v. Service Systems Corp.,* 41 W.C.D. 294, 301 (Minn. WCCA 1988). That the payment of impairment compensation or economic recovery compensation is contingent on the existence of a work offer within the time desig-

---

1. A "suitable job" is one that is consistent with an approved rehabilitation plan, or if no plan has been approved, one that the employee can do in his or her physical condition and which produces an economic status as close as possible to that which the employee would have enjoyed without the disability. Minn.Stat. § 176.101, subd. 3e(b) (1984).

2. *Patton v. Thompson Elec. Co.,* 420 N.W.2d 596, 597 (Minn.1988); *Winchester v. Pako Corp.,* 420 N.W.2d 587, 588 (Minn.1988); Minn.Stat. § 176.101, subds. 2, 3e and 3h (1986).

nated by statute, not on whether the employer or employee procures the offer, seems almost "too plain to be contested." *McCaleb v. Jackson,* 307 Minn. 15, 17, 239 N.W.2d 187, 188 (1976); Minn.Stat. § 645.16. We therefore reverse that part of the decision and order of the Workers' Compensation Court of Appeals pertaining to the payment of economic recovery compensation and reinstate the decision of the compensation judge.

Reversed and decision of the compensation judge reinstated.