Marvin JOHNSON, Relator,

v.

TECH GROUP, INC., and State Fund Mutual Ins. Co., Respondents,

and

MN Department of Human Services, intervenor, Respondent,

and

Special Compensation Fund, Respondent.

No. C4–92–914.

Supreme Court of Minnesota.

Oct. 2, 1992.

Rehearing Denied Nov. 6, 1992.

Allen R. Webb, Weinard, Webb & Middlebrook, Bloomington, for relator.

Steven Scharfenberg, Johnson, Lynn & Associates, Eden Prairie, for Tech Group & State Fund Mut. Ins. Co.

Hubert H. Humphrey, III, Atty. Gen., LauraSue Schlatter, William H. Mondale, Office of Atty. Gen., St. Paul, for Minn. Dept. of Human Services.

Sara Stoltman, Special Compensation Fund, St. Paul, for Special Compensation Fund.

TOMLJANOVICH, Justice.

Employee Marvin Johnson seeks review of a decision of the Workers' Compensation Court of Appeals reversing a denial of equitable apportionment. At issue is whether a settlement agreement and award bars full recovery of compensation otherwise payable for a subsequent, discrete injury. Concluding that it does not, we reverse.

Marvin Johnson sustained a compensable low back injury in 1978 while employed by Country Kitchen. He reinjured his low back in 1982 when he was working for Conwed Corporation; in 1983, he underwent lumbar discectomy surgery. He experienced an exacerbation of his low back symptoms in 1985 while employed by Merrillat Industries, Inc. In 1986, Country Kitchen, Conwed, Merrillat, and their workers' compensation liability carriers settled the claims arising out of the admittedly compensable 1978 and 1982 injuries and the alleged 1985 injury at Merrillat.[1] The settlement provided for a lump sum payment to close out all claims, except for medical and rehabilitation benefits, for a period of 6 years.

In December 1989, Johnson sustained another low back injury while employed by Tech Group. A few months later, in March 1990, he underwent a lumbar laminectomy.

---

1. Merrillat denied primary liability and pre-    served this defense in the settlement.

In June 1991, his physicians were considering further surgery.

Johnson sought temporary total benefits from Tech Group and its workers' compensation liability insurance carrier, State Fund Mutual Insurance Company.[2] Following a hearing, the compensation judge determined employee sustained a compensable injury in 1989 and awarded benefits accordingly. The compensation judge rejected Tech Group/State Fund Mutual's request to reduce the award of wage loss benefits by a proportion of the disability attributable to the prior injuries. On appeal, a panel majority of the Workers' Compensation Court of Appeals reversed and remanded for reconsideration with directions.

■ The dispute in this case centers on the amount of weekly compensation payable to Johnson for his total disability following the 1989 injury. If this was a "separate, new" injury, as the compensation judge found, the amount and period of compensation resulting from the combined effects of the successive injuries is fixed by the law in effect in 1989. *Joyce v. Lewis Bolt & Nut Co.*, 412 N.W.2d 304, 307 (Minn.1987). Further, computing the amount and period of compensation payable under these circumstances "has nothing to do with equitable apportionment— the proportionate allocation of liability among various employers and insurers * * *." *Marose v. Maislin Transport*, 413 N.W.2d 507, 513 (Minn.1987), *quoted in Kulp v. Sheraton Ritz Hotel*, 450 N.W.2d 296, 299 (Minn.1990), *cited in DeNardo v. Divine Redeemer Mem. Hosp.*, 450 N.W.2d 290, 293 (Minn.1990).

■ As for the effect of settlements on other compensation awards, generally, a settlement covers only those claims or rights that are specifically mentioned in the agreement. *Hansen v. Jen Her Builders*, 366 N.W.2d 294, 298 (Minn.1985); *see generally*, 3 Larson, *The Law of Workmen's Compensation* § 82.51 (1990). Thus, claims for subsequent injuries are normally

not barred by a settlement agreement. *Id.* In this case the earlier settlement did not bar an action or proceeding arising out of a separate and distinct 1989 injury; and the amount and period of compensation payable under the 1989 law has "nothing to do" with allocating liability for this compensation among carriers not parties to this action. *See Webeck v. Mochinski General Contractor*, 41 Minn. Workers' Comp. Dec. 1063 (1989), *aff'd without opinion*, 441 N.W.2d 810 (Minn.1989).

Reversed.

Employee is awarded $400 in attorney fees.

2. The Special Compensation Fund was also named a party because employee's back disability had been registered with the Fund in 1985.